UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| C.L. "BUTCH" OTTER, in his official capacity as Governor of the State of Idaho, et al., <br><br> Plaintiffs, <br><br> v. <br><br> S.M.R. JEWELL, in her official capacity as Secretary of the United States Department of the Interior, et al., <br><br> Federal Defendants, and <br><br> THE WILDERNESS SOCIETY, *et al.*, <br><br> Applicants in Intervention/Defendants. | Case No. 1:15-cv-01566-EGS |

**REPLY IN SUPPORT OF MOTION TO INTERVENE BY THE WILDERNESS SOCIETY *ET AL.***

Applicants in intervention The Wilderness Society, National Audubon Society, National Wildlife Federation, and Earthworks ("Conservation Groups") now reply to the response of Plaintiffs to the Conservation Groups' motion to intervene.

Plaintiffs take no position on the Conservation Groups motion to intervene.[1] However, they have requested that if the Court grants intervention that the Conservation Groups' summary judgment briefs be due at the same time as the Federal Defendants, rather than one week later as proposed by the Groups.

---

[1] Federal Defendants have not opposed the Conservation Groups' motion as long as the Groups agreed not to file any new claims and not to file any motions challenging the scope or content of the administrative record, limitations to which the Conservation Groups have agreed. Intervention Motion/Memo at 2.

REPLY IN SUPPORT OF MOTION TO INTERVENE   - 1 -

Alternatively, if the Conservation Groups' proposal is accepted, Plaintiffs request an additional week to file their reply brief with an additional 15 pages for their summary judgment reply brief.  The Conservation Groups have no objection to the additional time and pages for the Plaintiffs' reply brief, but do believe that it is in the interests of all parties and the Court to permit the Groups an additional week after the Federal Defendants to file their summary judgment briefs.

Plaintiffs suggest that the Conservation Groups can both file their briefs at the same time as the Federal Defendants and "avoid duplicating their arguments by consulting with counsel for Federal Defendants." Pls.' Response at 1.  The problem with this suggestion is that in the undersigned's experience (and as confirmed by Federal Defendants' counsel in this case), the Department of Justice is not willing to share drafts of their briefs prior to filing.  While some advance general coordination would be possible, it is not enough to avoid significant duplication without being able to scrutinize precise written arguments.

Accordingly, there is simply no way to effectively avoid duplicating arguments of the Federal Defendants, or to point out to the Court the differences between their positions and those of the Conservation Groups, without staggered briefing.  The result would be an unnecessary expenditure of resources by the Conservation Groups repeating many of the same arguments, and would leave the Court to wade through duplicative briefing in an effort to find differing or additional arguments by the Applicants.

For this reason, if the Court grants intervention to the Conservation Groups, they reiterate their request to allow an additional week after the Federal Defendants to file their summary judgment briefs. *See Friends of Animals v. Ashe*, 1:15-cv-00653-ABJ (D DC), Minute Order of 7-22-15 (cited in Applicants' Motion/Memo at 11 n.1).

Respectfully submitted this 7th day of January, 2016.

/s/Matt Kenna
Matt Kenna (D. DC Bar No. CO0028)
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, CO  81301
(970) 385-6941
matt@kenna.net

/s/Roger Flynn
Roger Flynn (CO Bar No. 21078),
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main St., #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org
*Pro Hac Vice Application Pending*

Attorneys for Applicants in Intervention-Defendants